UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PRINELL PAUL,

        Plaintiff,

     -v-                      5:24-CV-1536

HON. MATTHEW DORAN; WILLIAM
FITZPATRICK, Onondaga County
District Attorney; SARA FITZPATRICK,
Onondaga County Assistant District
Attorney,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                    OF COUNSEL:

PAUL PRINELL
Plaintiff, *Pro Se*
Onondaga County Justice Center
555 South State Street
Syracuse, New York 13202

DAVID N. HURD
United States District Judge

**ORDER ON REPORT & RECOMMENDATION**

On December 18, 2024, plaintiff Prinell Paul ("plaintiff"), acting *pro se*,

commenced an action against the Honorable Matthew Doran ("Doran"),

Onondaga County District Attorney William Fitzpatrick ("D.A. Fitzpatrick"),

and Onondaga County Assistant District Attorney Sara Fitzpatrick ("A.D.A. Fitzpatrick") (collectively the "defendants"), alleging various violations of his constitutional rights. Dkt. No. 1. Plaintiff also filed an application to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 2. On December 20, 2024, plaintiff's IFP application was denied as incomplete, and this matter was administratively closed. Dkt. Nos. 3, 4. Plaintiff then filed a second IFP Application on January 3, 2025. Dkt. No. 5.

On April 25, 2025, U.S. Magistrate Judge Miroslav Lovric granted plaintiff's second IFP Application and conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2). Dkt. No. 7. Plaintiff's complaint arises out of criminal charges and/or a parole violation pending against him. *Id*. at 2. Judge Lovric liberally construed plaintiff's complaint as setting forth claims for: (1) violation of his Sixth Amendment right to counsel against D.A. Fitzpatrick and A.D.A. Fitzpatrick for using the substance of their conversations with plaintiff and his attorney as evidence against plaintiff; (2) Eighth Amendment violation against Defendant Doran for having set excessive bail; (3) a Brady violation by A.D.A. Fitzpatrick for his failure to disclose to defense counsel that the gun at issue was recovered in the possession of another person; (4) Sixth Amendment violation by Doran of plaintiff's right to a speedy trial; and (5) First Amendment violation where Doran allegedly called plaintiff a liar on the record. *Id*. at 3–4. Plaintiff

seeks, *inter alia*, declaratory relief, an injunction preventing D.A. Fitzpatrick and A.D.A. Fitzpatrick from listening to and/or obtaining Plaintiff's confidential lawyer calls, and monetary damages. *Id*. at 1–4.

With respect to each of plaintiff's claims against Doran, Judge Lovric construed them as having been brought against defendant while he was acting in the scope of his capacity as a judge. Dkt. No. 7 at 7. Accordingly, Judge Lovric advised that Doran is immune from suit under the doctrine of judicial immunity. *Id*. Judge Lovric recommended that all claims against Doran in his individual capacity be dismissed. *Id*. Further, Judge Lovric recommended that all claims brought against Doran in his official judicial capacity be dismissed pursuant to the Eleventh Amendment. *Id*. at 7–8

With respect to plaintiff's claims against defendants D.A. Fitzpatrick and A.D.A. Fitzpatrick in their individual capacities, Judge Lovric recommended that they be dismissed based on the doctrine of prosecutorial immunity. Dkt. No. 7 at 8–9. Further, as to plaintiff's claims against these two defendants in their official capacities, Judge Lovric recommended that they be dismissed as precluded by the Eleventh Amendment. *Id*. at 9–10.

Finally, Judge Lovric advised that the defects contained in plaintiff's complaint were substantive such that better pleading could not cure them. Dkt. No. 7 at 10. Thus, Judge Lovric recommended dismissing plaintiff's claims without prejudice but without leave to replead. *Id*.

Plaintiff has not lodged objections and the time to do so has passed. Dkt. No. 7.

Upon review for clear error, Judge Lovric's R&R will be adopted in all respects. *See* FED. R. CIV. P. 72(b).

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 7) is ACCEPTED;

2. Plaintiff's complaint is DISMISSED without prejudice but without leave to amend;

The Clerk of the Court is directed to terminate the pending motion, enter a judgment accordingly, and close the file.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated: May 21, 2025
Utica, New York.